UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LUIS CAMACHO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-cv-03317-RM-TSH |
| | ) | |
| ILLINOIS DEPARTMENT OF TRANSPORTATION, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTIONS IN LIMINE**

Defendant, ILLINOIS DEPARTMENT OF TRANSPORTATION, by and through its Attorney, KWAME RAOUL, Attorney General of the State of Illinois, hereby moves *in limine* for the following pretrial evidentiary rulings:

**INTRODUCTION**

District courts are authorized to rule on pretrial motions *in limine* through their inherent authority to manage the course of trials. *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1984). Additionally, district courts have broad discretion to make and alter pretrial evidentiary rulings before and during trial. *Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013). "Only evidence that is clearly inadmissible for any purpose should be excluded pursuant to a motion in limine[.]" *Tzoumis v. Tempel Steel Co.*, 168 F. Supp. 2d 871, 873 (N.D. Ill. 2001).

1.  **The Court should bar Plaintiff from presenting any evidence or argument regarding any amount purportedly owed for equitable remedies such as reinstatement, back pay or front pay.**

    Under the ADA, equitable remedies—such as reinstatement, back pay or front pay—are to be decided by the Court, as opposed to the jury. *See* 42 U.S.C. § 1981a(b)(2) (compensatory damages awarded under ADA do not include back pay, interest on back pay, or any other type of

relief authorized under 42 U.S.C. § 2000e-5); *see also* 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5 into the ADA). This is true because 42 U.S.C. § 1981(a)(c) "does not entitle either side to a jury trial on back or front pay[.]" *Pals v. Schepel & GMC Truck, Inc.*, 220 F.3d 495, 500-01 (7th Cir. 2000). As such, testimony and evidence about any amount purportedly owed should be heard by the Court, not the jury. *See Hirlston v. Costco Wholesale Corp.*, 2020 WL 6047913, at *5 (S.D. Ind. 2020); *see also Edwards v. Ill. Dep't of Prof'l Regul.*, 2017 WL 2224878, at *2 (N.D. Ill. 2017); *Isbell v. John Crane, Inc.*, 74 F. Supp. 3d 893, 900 (N.D. Ill. 2014); *Kaplan v. City of Chicago*, 2005 WL 1026574, at *4 (N.D. Ill. 2005). Therefore, Defendant requests the Court bar Plaintiff from presenting any evidence or argument regarding any amount owed for back pay, front pay or any other form of equitable relief.

**2.    The Court should bar Plaintiff from presenting any evidence or argument regarding punitive damages or the rationale behind punitive damages.**

Punitive damages are not available against a government, government agency or political subdivision. 42 U.S.C. § 1981a(b)(1); *see also Kramer v. Banc of America Securities, LLC*, 355 F.3d 961 (7th Cir. 2004) (compensatory and punitive damages are not available for retaliation claims under the ADA, regardless of employer's status as government or non-government). Plaintiff does not explicitly pray for punitive damages in his operative complaint. *See* ECF No. 10 at 10-11. However, that omission does not necessarily control. *See* Fed. R. Civ. P. 54(c) (final judgment should grant relief to which each party is entitled, even if party failed to demand that relief in its pleading). For purposes of 42 U.S.C. § 1981a, a state agency—such as IDOT—is exempt from judgments for punitive damages. *Williams v. Ill. Dep't of Transp.*, 2020 WL 7385453, at *2 (N.D. Ill. 2020); *Marshall v. Walker*, 2005 WL 8162865, at *3 (C.D. Ill. 2005); *Blalock v. Ill. Dep't of Human Servs.*, 349 F. Supp. 2d 1093, 1097 (N.D. Ill. 2004). Therefore, as Plaintiff is not entitled to punitive damages, the Court should bar Plaintiff from presenting any

evidence or argument regarding punitive damages or the purpose of punitive damages (i.e., to punish or serve as a warning to Defendant and others not to engage in similar conduct in the future).

3. **The Court should bar Plaintiff from presenting any evidence or argument regarding any "Golden Rule" appeal.**

A "Golden Rule" appeal is one where the jury is told it should place itself in a party's shoes. *U.S. v. Roman*, 492 F.3d 803, 805-06 (7th Cir. 2007). This type of appeal "is universally recognized as improper because it encourages the jury to depart from the neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *Id*. (quoting *U.S. v. Teslim*, 869 F.2d 316, 328 (7th Cir. 1989)). Examples of golden rule arguments include:

> (1) to ask jurors how much the loss of the use of their legs would meant to them, *Leathers v. Gen. Motors Corp.*, 546 F.2d 1083, 1085-86 (4th Cir. 1976); (2) to tell jurors "do unto others as you would have them do unto you," *Klotz v. Sears, Roebuck & Co.*, 267 F.2d 53, 54 (7th Cir. 1959); or (3) to tell jurors, in a reverse golden rule argument, "I don't want to ask you to place yourself in [the plaintiff's] position," *Loose v. Offshore Navigation, Inc.*, 670 F.2d 493, 496 (5th Cir. 1982).

*Caudle v. D.C.*, 707 F.2d 354, 359 (D.C. Cir. 2013). Because such arguments are improper, the Court should bar Plaintiff from presenting any evidence or argument regarding any Golden Rule appeal.

4. **The Court should allow IDOT agency representative Carlos Ramirez to be present during trial even though he will also testify as a witness.**

Carlos Ramirez was deposed in this matter (*see* ECF No. 27-37) and Defendant IDOT intends to present him as a witness at trial. The Court should allow Ramirez to be present during the entire trial, including the testimony of other witnesses, as IDOT's designee pursuant to Fed. R. Evid. 615(b).

WHEREFORE, the Defendant, ILLINOIS DEPARTMENT OF TRANSPORTATION, requests the Court grant the preceding motions *in limine*.

                                    Respectfully submitted,

                                    ILLINOIS DEPARTMENT
                                    OF TRANSPORTATION,

                                        Defendant,

| | |
|---|---|
| Joseph Bracey, Jr. #6322428 | KWAME RAOUL, Attorney General |
| Assistant Attorney General | of the State of Illinois, |
| 500 South Second Street | |
| Springfield, IL 62701 | Attorney for Defendant, |
| (217) 557-0261 – Phone | |
| (217) 782-8767 – Fax | By:   s/ Joseph Bracey, Jr. |
| Email: jbracey@atg.state.il.us |         Joseph Bracey, Jr. |
|        gls@atg.state.il.us |         Assistant Attorney General |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| LUIS CAMACHO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-cv-03317-RM-TSH |
| | ) | |
| ILLINOIS DEPARTMENT | ) | |
| OF TRANSPORTATION, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2021, I presented the foregoing, **Defendant's Motions in Limine**, to the Clerk of Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

**James Baker**
bms@bbklegal.com
*Attorney for Plaintiff*

By:  s/ Joseph Bracey, Jr.
    Joseph Bracey, Jr. #6322428
    Assistant Attorney General

5