IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LUIS CAMACHO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-3317 |
| ) | |
| THE ILLINOIS DEPARTMENT OF ) | |
| TRANSPORTATION, ) | |
| ) | |
| Defendant. ) | |

OPINION

RICHARD MILLS, United States District Judge:

The jury trial is scheduled to commence on June 8, 2021.

Plaintiff Luis Camacho alleges Defendant Illinois Department of Transportation ("IDOT") did not reasonably accommodate him with respect to his work assignment in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112.

1

The Plaintiff also asserts his work assignment was retaliatory because of his earlier charge of discrimination in violation of both the ADA, 42 U.S.C. § 12203 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3.

Pending are the Defendant's Motions in Limine and the Plaintiff's Motion in Limine.

## I.   IDOT's Motions in Limine

### (1)

IDOT moves in limine to bar Camacho from presenting any evidence or argument regarding any amount purportedly owed for equitable remedies such as reinstatement, back pay or front pay. Under the ADA, equitable remedies such as reinstatement, back pay or front pay are to be decided by the Court, not the jury. *See* 42 U.S.C. § 1981a(b)(2) ("Compensatory damages awarded under this section shall not include backpay, interest on backpay, or any other type of relief authorized" under 42 U.S.C. § 2000e-

5); *see also* 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5 into the ADA). Under § 1981a(c), a party is not entitled to a jury trial on front or back pay. *See Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 501 (7th Cir. 2000). "Both under the caselaw and by statute issues of back pay under the ADA are committed to the court and not to the jury for determination." *Isbell v. John Crane, Inc.*, 74 F. Supp.3d 893, 900 (N.D. Ill. 2014). Extraneous evidence like that "might well precipitate needless confusion and would surely create the potential for unfair prejudice." *Id.*

In response, Camacho claims he should not be precluded from presenting such evidence even if it is equitable and to be decided by the Court. The question of remedies requires evidentiary support and Camacho should not be barred from presenting such evidence at trial.

Camacho correctly notes that the jury will be properly instructed on categories of damages that may be awarded should it return a verdict in his favor. He claims he should not be barred from offering such evidence whether or not the relief is equitable.

The Court sees no point in presenting evidence on equitable matters that are outside the jury's purview. Although IDOT would not be significantly prejudiced because the jury will be properly instructed, such evidence could cause confusion among the jurors. It would also be a waste of time and resources. Therefore, the Court agrees with *Isbell* and other Northern District of Illinois decisions cited by IDOT. The Court will grant the portion of IDOT's motion which seeks to bar Camacho from presenting evidence or argument regarding any amount purportedly owed for equitable remedies such as reinstatement, back pay or front pay.

(2)

IDOT next asks the Court to bar Camacho from presenting any evidence or argument regarding punitive damages or the rationale behind punitive damages, on the basis that a public body such as IDOT cannot be assessed such damages. Camacho does not intend to present any evidence or argument on punitive damages. Accordingly, this portion of IDOT's motion is granted.

(3)

IDOT next moves in limine to bar Camacho from presenting any evidence or argument regarding any "Golden Rule" appeal, whereby a jury is told it should place itself in a party's shoes. *See United States v. Roman*, 492 F.3d 803, 805-06 (7th Cir. 2007). Camacho has no objection to the Court barring both parties from making a Golden Rule argument. This portion of IDOT's motion is granted and both parties are precluded from making a Golden Rule appeal.

(4)

Next, IDOT asks the Court to allow agency representative Carlos Ramirez to be present during trial as its designee under Federal Rule of Evidence 615(b), even though he will also testify as a witness. Camacho does not object to IDOT's request. This portion of the motion is granted. All witnesses other than Camacho and Ramirez shall be barred from the Courtroom except for when they testify.

## II. Luis Camacho's Motion in Limine

(1)

On August 12, 2014, the Illinois Department of Human Rights ("IDHR") issued a 27-page report dismissing a charge of employment discrimination filed with it against IDOT by Camacho. Camacho seeks to bar the report on the basis of relevance and the potential for jury confusion. IDOT does not object to the request unless Camacho opens the door by

presenting testimony or evidence suggesting that the 2013 charge of discrimination resulted in any other type of disposition, such as suggesting that IDHR found against IDOT. Accordingly, the Plaintiff's motion is granted in this respect.

(2)

Camacho next moves in limine to bar introduction of his January 2015 charge of employment discrimination. In that charge, Camacho claimed IDOT retaliated against him between July 30, 2014 and December 2014. Because he neither claims in this case workplace retaliation on IDOT's part against him between July and December of 2014 nor that his 2015 charge led to acts of retaliation taken against him by IDOT, Camacho alleges the charge has no probative value. His retaliation claims were based upon a charge of discrimination Camacho advanced against IDOT on October 23, 2013, not January 20, 2015.

IDOT claims the 2015 charge is relevant. It alleges Camacho claims he was harassed, placed on administrative leave and denied transfer requests because of retaliation between July and December of 2014. IDOT asserts the statements are relevant because Camacho perceived every action taken by IDOT as retaliatory in nature, even when there were clear and reasonable explanations. Moreover, the charge is relevant to the question of whether Camacho made a good faith effort to engage in the interactive process regarding his accommodation requests.

IDOT is free to advance a theory that Camacho viewed multiple actions that it took as retaliatory. Based on that theory, the January 2015 charge has at least some probative value and Camacho provides no other reason to exclude it. Accordingly, Camacho's motion is denied as to the January 2015 charge of employment discrimination.

(3)

Camacho objects to certain evidence on the basis of hearsay. He states IDOT intends to offer into evidence two documents which it submitted to the IDHR in connection with Camacho's charge of discrimination giving rise to his retaliation claim in this case. The first is its response to IDHR's questionnaire. The second is its position statement with respect to Camacho's charge.

IDOT claims both documents were submitted by Carlos Ramirez, an IDOT representative who was deposed in this case and who will testify at trial. Based on that representation, it appears the documents are admissible as a business records exception to the hearsay rule. *See* Fed. R. Evid. 803(6). The motion is denied, though Camacho is free to object at trial if he believes the documents do not fall within the business records exception.

<u>Ergo</u>, the Motions in Limine of Defendant Illinois Department of Transportation [d/e 39] are GRANTED, as provided in this Order.

The Motion in Limine of Plaintiff Luis Camacho [d/e 41] is GRANTED in part and DENIED in part, as provided in this Order.

ENTER: May 21, 2021

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge
