E-FILED
Monday, 18 October, 2021  11:29:31 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

LUIS CAMACHO,

        Plaintiff,

v.

ILLINOIS DEPARTMENT
OF TRANSPORTATION.,

        Defendant.

Case No. 3:16-cv-03317

## COURT'S PROPOSED JURY INSTRUCTIONS

Members of the jury, you have seen and heard all the evidence and will hear the arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Agreed Instruction 1
Court's 1:  General
7th Cir. Pattern 1.01

In this case the Defendant is a State agency. All parties are equal before the law. A State agency is entitled to the same fair consideration that you would give any individual person.

Agreed Instruction 16
Court's 2:  All Litigants Equal
7th Cir. Pattern 1.03 (modified)

The Defendant is a public body and can act only through its officers and employees. Any act or omission of an officer or employee within the scope of his or her office or employment is the action or omission of the Defendant public body.

Agreed Instruction 15
Court's 3:  Agency
IPI 50.11 (modified)

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

You must accept those facts as proved.

Agreed Instruction 3
Court's 4:  What is Evidence
7th Cir. Pattern 1.04

During the trial, certain testimony was presented to you by the reading of depositions. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Agreed Instruction 4
Court's 5:  Deposition Testimony
7th Cir. Pattern 1.05

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Agreed Instruction 5
Court's 6:  What is not Evidence
7th Cir. Pattern 1.06

Any notes you have taken during this trial are only aids to your memory.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Not submitted
Court's 7:  Notes
7th Cir. Pattern 1.07

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.


Not submitted
Court's 8:  Who Produced Evidence
7th Cir. Pattern 1.08

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Agreed Instruction 7
Court's 9:  Limited Purpose
7th Cir. Pattern 1.09

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference."   A jury is allowed to make reasonable inferences.   Any inference you make must be reasonable and must be based on the evidence in the case.

Agreed Instruction 8
Court's 10:  Inference
7th Cir. Pattern 1.11

You may have heard the phrases "direct evidence" and "circumstantial evidence."  Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.  Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining."  Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  You should decide how much weight to give to any evidence.  In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Agreed Instruction 9
Court's 11:  Direct and Circumstantial Evidence
7th Cir. Pattern 1.12

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

-the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-the witness's memory;

-any interest, bias, or prejudice the witness may have;

-the witness's intelligence;

-the manner of the witness while testifying;

-and the reasonableness of the witness's testimony in light of all the evidence in the case.

Agreed Instruction 10
Court's 12:  Judging Credibility
7th Cir. Pattern 1.13

You may consider statements given by a party or a witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath that is inconsistent with his testimony here in court, you may consider the earlier statement only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Agreed Instruction 10
Court's 13:  Prior inconsistent statement
7th Cir. Pattern 1.14 (modified by parties)

It is proper for a lawyer to meet with any witness in preparation for trial.

Agreed Instruction 12
Court's 14:  Lawyer Interviewing Witnesses
7th Cir. Pattern 1.16

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

Agreed Instruction 13
Court's 15:  Number of Witnesses
7th Cir. Pattern 1.17

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Agreed Instruction 2.
Court's 16:  Judicial Questions
7th Cir. Pattern 1.02

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Agreed Instruction 14
Court's 17:  Burden of Proof
7th Cir. Pattern 1.27

Plaintiff has brought this lawsuit under a federal law called the Americans with Disabilities Act, which is often referred to by its initials, "ADA." Under the ADA, it is illegal for an employer to discriminate against a person with a disability if that person is qualified to do the essential functions of his job and the employer is aware of his limitations.

In this case, Plaintiff claims that Defendant discriminated against him by not accommodating his disability. Defendant denies that it discriminated against Plaintiff and says that it provided Plaintiff a reasonable accommodation.

Additionally, Plaintiff claims that Defendant retaliated against him in response to Plaintiff filing a charge of discrimination before the Illinois Human Rights Commission. Defendant denies that it retailed against Plaintiff.

As you listen to these instructions, please keep in mind that many of the terms I will use have a special meaning under the law. So please remember to consider the specific definitions I give you, rather than using your own opinion as to what these terms mean.

Contested instruction P&D 1, P7
Court's 18: ADA & Retaliation Claim Explanation
7th Cir. Pattern 4.01 (modified)

Under the ADA, to "accommodate" a disability is to make some change that will let a person with a disability perform the job. An accommodation is "reasonable" if it is effective and its costs are not clearly disproportionate to the benefits that it will produce.

A reasonable accommodation may include a change in such things as ordinary work rules, facilities, conditions, or schedules, but does not include elimination or change of essential job functions, assignment of essential job functions to other employees, or lower productivity standards.

Agreed Instruction 17
Court's 19: Accommodate definition
7th Cir. Pattern 4.06 (modified)

Under the ADA, Plaintiff was "qualified" if he had the skill, experience, education, and other requirements for the job and could do the job's essential functions, either with or without accommodation. You should only consider Plaintiff's abilities at the time when Plaintiff requested an accommodation and was offered reassignment to a position in the shop sign.

Not all job functions are "essential." Essential functions are a job's fundamental duties. In deciding whether a function is essential, you may consider the reasons the job exists, the number of employees Defendant has to do that kind of work, the degree of specialization the job requires, Defendant's judgment about what is required, the consequences of not requiring an employee to satisfy that function, and the work experience of others who held the position.

Agreed Instruction 18
Court's 20: Qualified definition
7th Cir. Pattern 4.05 (modified)

Once an employer is aware of an employee's disability and an accommodation has been requested, the employer must discuss with the employee whether there is a reasonable accommodation that will permit him to perform an available job for which he is qualified. Both the employer and the employee must cooperate in this interactive process in good faith.

Neither party can win this case simply because the other did not cooperate in this process, but you may consider whether a party cooperated in this process when deciding whether a reasonable accommodation existed.

Agreed Instruction 19
Court's 21: Awareness/Good-faith Standard
7th Cir. Pattern 4.08

In this case, Plaintiff claims that Defendant unlawfully refused to give him a "reasonable accommodation." To succeed, Plaintiff must prove four things by a preponderance of the evidence:

1.      Plaintiff was qualified to perform the job;

2.      Plaintiff requested an accommodation;

3.      Defendant was aware of Plaintiff's disability at the time of Plaintiff's request; and

4.      Defendant failed to provide Plaintiff with a reasonable accommodation.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, you should turn to the issue of Plaintiff's damages. If you find that Plaintiff has failed to prove any of these things by a preponderance of the evidence, your verdict should be for Defendant.

Contested Instruction P&D 2
Court's 22: ADA Elements
7th Cir. Pattern 4.03 (modified)

Plaintiff may not insist on a particular accommodation if another reasonable accommodation was offered.

Defendant's duty to provide a reasonable accommodation is a continuing one. You must evaluate the reasonableness of an accommodation as of the time it was requested.

If no reasonable accommodation was available in Plaintiff's present job, the ADA requires Defendant to try to assign him to a vacant position for which he is qualified. If the reassignment was practical and did not require Defendant to turn away a more qualified applicant, Defendant must have made the reassignment. Defendant was not required to create a new job or give a promotion to Plaintiff.

An accommodation is not reasonable if it conflicts with an established seniority system, unless Plaintiff proves by a preponderance of the evidence that "special circumstances" make an exception reasonable. For example, an exception might be reasonable if exceptions were often made to the seniority policy. Another example might be where the seniority system already contains its own exceptions so that, under the circumstances, one more exception is not significant.

Contested Instruction P4,5 D3
Court's 23: Reasonable accommodation
7th Cir. Pattern 4.07

Plaintiff claims that he was reassigned to the sign shop position and denied the geologist position by Defendant because he filed a charge of employment discrimination against the Defendant on October 23, 2013.

To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant reassigned Plaintiff to the sign shop position and denied him the geologist position because he filed the charge of employment discrimination.

To determine that Plaintiff was retaliated against, you must decide that Defendant would not have reassigned Plaintiff to the sign shop position or denied him the geologist position if he had not filed the October 23, 2013 charge of discrimination but everything else had been the same.

Whether a particular reassignment is an adverse employment action depends upon the circumstances of the particular case, and should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff and award $1.00. If you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant and award $0.

Contested Instruction P3,6,7 D4
Court's 24: Retaliation Claim
7th Cir. Pattern 3.02 (modified)

If you find that Plaintiff has proved either of his claims against Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove his damages by a preponderance of the evidence. If you find that Plaintiff has failed to prove any of his claims, then you will not consider the question of damages.

Contested instruction P9, D6
Court's 25: Damages in General
7th Cir. Pattern 3.09

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

The physical and mental/emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury he has sustained.

Contested Instruction P10, D6
Court's 26: Compensatory Damages
7th Cir. Pattern 3.10

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdicts have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Plaintiff 10
Court's 27:  Selection of Presiding Juror: General Verdict
7th Cir. Pattern 1.32

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

Not submitted
Court's 28:  Communication with Court
7th Cir. Pattern 1.33

---

Withdrawn ____   Given ____   Given as Modified ____   Refused ____   Reserved ____

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Not submitted
Court's 29:  Disagreement Among Jurors
7th Cir. Pattern 1.34

The parties have stipulated, or agreed to the following facts:

**[copy and paste stipulated facts here]**

You must now treat these facts as having been proved for the purpose of this case.

Not submitted
Court's 30:  Stipulations of Fact
7th Cir. Pattern 2.05

## Special Verdict Form A

1)   Was Plaintiff qualified to perform the job he sought?
         Answer Yes or No: _____
*(If you answered "Yes," then answer Question 2; otherwise, sign and return this verdict form and move on to Special Verdict Form B.)*

2)   Did Plaintiff request an accommodation?
         Answer Yes or No: _____
*(If you answered "Yes," then answer Question 3; otherwise, sign and return this verdict form and move on to Special Verdict Form B.)*

3)   Was Defendant aware of Plaintiff's disability at the time of Plaintiff's request?
         Answer Yes or No: _____
*(If you answered "Yes," then answer Question 4; otherwise, sign and return this verdict form and move on to Special Verdict Form B.)*

4)   Did Defendant fail to provide Plaintiff with a reasonable accommodation?
         Answer Yes or No: _____
*(If you answered "Yes," then answer Question 5; otherwise, sign and return this verdict form and move on to Special Verdict Form B.)*

5)   Would giving Plaintiff a reasonable accommodation have been an undue hardship on Defendant's business?
         Answer Yes or No: _____
*(If you answered "Yes," sign and return this verdict form and move on to Special Verdict Form B; otherwise, answer Question 6.)*

6)   Has Plaintiff suffered emotional pain and mental anguish as a result of his reassignment to the sign shop position or denial of the geologist position?
         Answer Yes or No: _____

*(If you answered "Yes," then answer Question 7; if you answered "No," to this question, then sign and return this verdict form move on to Special Verdict Form B.)*

7)   What amount will fairly compensate Plaintiff for his emotional pain and mental anguish as a result of his reassignment to the sign shop position or denial of the geologist position?

Answer: $ _____

Dated this _____ day of October, 2021.

_____              _____
Foreperson

_____              _____


_____              _____


_____              _____


Contested P10, D7
Court's 31:  Jury Verdict Form A
7th Cir. Pattern 4.15 (modified)

## Special Verdict Form B

1)   Was Plaintiff's reassignment to the sign shop position a materially
     adverse employment action?
          Answer Yes or No: _____

*(If you answered "Yes," then answer Question 2; otherwise, sign and return this
verdict form.)*

2)   Would Defendant have reassigned Plaintiff to the sign shop position
     if Plaintiff had not filed a charge of discrimination against Defendant
     on October 23, 2013?
          Answer Yes or No: _____

*(If you answered "Yes," then answer Question 3; otherwise, sign and return this
verdict form.)*

3)   What amount, if any, will fairly compensate Plaintiff for his
     retaliation claim.
          Answer:   $1.00      $0.00
*(Then, sign and return this verdict form.)*

Dated this _____ day of October, 2021.

_____              _____

Foreperson

_____              _____



_____              _____



_____              _____

Contested P10, D7
Court's 32:  Jury Verdict Form B
Based on 7th Cir. Pattern 3.02